IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOE HAND PROMOTIONS, INC.,                )
                                           )
           Plaintiff,                      )
                                           )
     v.                                    )   1:18CV531
                                           )
DANNY L. HAYES, JR., individually,         )
and as an officer, director, shareholder,  )
member and/or principal of THE HOUSE       )
OF FISH, INC. d/b/a The House of Fish, and )
                                           )
THE HOUSE OF FISH, INC.                    )
d/b/a The House of Fish,                   )
                                           )
           Defendants.                     )

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Plaintiff, Joe Hand Promotions, Inc. ("JHP"), brings this action against Defendants, Danny L. Hayes, Jr. and The House of Fish, Inc. ("Defendants") for alleged violations of 47 U.S.C. §§ 553 and 605 (cable and satellite piracy), as well as 17 U.S.C. §§ 106 and 501 (copyright infringement). (ECF No. 12.) Defendants counterclaim for a declaratory judgment that 47 U.S.C. §§ 553 and 605 are unconstitutional. (ECF No. 13 at 4, 6–7.) Before the Court is JHP's Motion to Dismiss Defendants' Counterclaim pursuant to Rules 12(b)(6) and, implicitly, 12(b)(1)[1] of the Federal Rules of Civil Procedure. (ECF Nos. 15, 17.) For the reasons that follow, the Court will grant JHP's motion.

---

[1] Although JHP does not expressly mention Rule 12(b)(1) in its motion or briefing, it devotes several paragraphs to a discussion of standing and jurisdiction; concepts which are governed by Rule 12(b)(1).

## I. BACKGROUND

As alleged in its Amended Complaint, JHP was "granted the exclusive right to commercially distribute the audiovisual presentation of the *Floyd Mayweather, Jr. vs. Conor McGregor* boxing match" (the "Program"), which was telecast nationwide on August 26, 2017. (ECF No. 12 ¶¶ 5, 10.) After obtaining distribution rights, JHP sublicensed the Program for exhibition to thousands of commercial establishments in exchange for licensing fees. (*Id.* ¶ 10.) Even though the Program was available for licensing, JHP alleges that Defendants "chose not to contract with [JHP] and pay the proper commercial license fee." (*Id.* ¶ 11.) Instead, JHP alleges that Defendants "unlawfully obtained the Program through an unauthorized cable signal, satellite signal, and/or internet stream" and "charged patrons $15.00 to enter and view the Program" at their business establishment, The House of Fish. (*Id.* ¶¶ 11, 16.)

JHP filed suit in June of 2018, alleging violations of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605, which prohibit cable and satellite piracy, as well as the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.* (ECF No. 12 ¶¶ 19–26.) In response, Defendants answered and counterclaimed for a declaratory judgment that 47 U.S.C. §§ 553 and 605 are unconstitutional. (ECF No. 13 at 4, 6–7.) Specifically, Defendants allege that these provisions violate the "First and Fifth Amendments, in that the statutes are penal and punitive in nature, are void for vagueness, are overbroad, and violate the fundamentals of due process, including, but not limited to, the lack of sufficient notice to Defendants and lack of guidance for enforcement." (*Id.* at 6.) Defendants further contend that the statutes are

---

(*See* ECF No. 17 at 4, 6–7.) Accordingly, the Court will construe JHP's motion as invoking both Rules 12(b)(1) and 12(b)(6).

"ambiguous" and, therefore, also seek "a declaration of the exact terms and meaning of the statutes" so that they may better understand their "rights and duties" and conform their conduct to the law. (*Id.* at 7.)

JHP now moves to dismiss Defendants' counterclaim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (*See* ECF Nos. 15, 17.)

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

Under Rule 12(b)(1), a party may seek dismissal based on the court's "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A motion under Rule 12(b)(1) raises the question of "whether [the claimant] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). Under Article III of the United States Constitution, the jurisdiction of a federal court is limited to cases and controversies, which implicates certain doctrines, including standing. *See* U.S. Const. art. III, § 2; *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 n.5 (2014). A court's jurisdiction is likewise limited to cases and controversies when considering actions for declaratory relief. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937).

The burden of establishing subject matter jurisdiction is on the plaintiff. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). However, when evaluating a Rule 12(b)(1) motion to dismiss, the court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

**B. Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "challenges the legal sufficiency of a complaint," *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, *see Holloway*, 669 F.3d at 452; or second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). Finally, in evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but need not accept "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted).

**III. DISCUSSION**

In its motion to dismiss, JHP challenges the sufficiency of Defendants' counterclaim by (a) disputing jurisdiction, (b) characterizing the counterclaim as redundant to the issues raised in the complaint, and (c) alleging that the counterclaim fails to state a claim upon which relief can be granted. (*See* ECF No. 17.)

### A. Jurisdiction

JHP makes two jurisdictional arguments. First, JHP challenges Defendants' standing to pursue relief on behalf of third-parties or the general public. (*Id.* at 6–7.) Defendants concede this point and have withdrawn any such claims. (ECF No. 18 at 8.) However, because all federal courts have "an obligation to assure ourselves" of a counterclaimant's standing under Article III, this Court will take JHP's standing challenge as an opportunity to address Defendants' individualized standing. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006). Second, JHP contends that because "the Declaratory Judgment Act contains no independent basis for jurisdiction," federal courts may not entertain counterclaims, like Defendants', that exclusively seek declaratory relief. (ECF No. 17 at 4.)

### i. Standing

Under Article III of the United States Constitution, the jurisdiction of a federal court is limited to "Cases" and "Controversies." U.S. Const. art. III, § 2. The doctrine of standing, which is rooted in the traditional understanding of those terms, serves to "identify those disputes which are appropriately resolved through the judicial process." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). The question at the heart of any standing analysis is "[w]hether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Sierra Club v. Morton*, 405 U.S. 727, 731 (1972). Accordingly, to establish Article III standing at the motion to dismiss stage, claimants must allege that they have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to

5

be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan*, 504 U.S. at 560–61).

The first element of standing—injury-in-fact—"ensures that plaintiffs have a 'personal stake in the outcome of the controversy.'" *Kenny v. Wilson*, 885 F.3d 280, 287 (4th Cir. 2018) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Where, as here, claimants seek declaratory relief, they must "establish an ongoing or future injury in fact." *Id.* The threatened injury must be "concrete and particularized," *Spokeo*, 136 S. Ct. at 1548, as well as "certainly impending"—allegations of possible future injury will not suffice. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). The second and third elements—causation and redressability—require a "causal connection between the injury and the conduct complained of that is 'fairly traceable,'" to the opposing party and "a non-speculative likelihood that the injury would be redressed by a favorable judicial decision." *Cooksey v. Futrell*, 721 F.3d 226, 238 (4th Cir. 2013) (quoting *Frank Krasner Enters., Ltd. v. Montgomery Cty.*, 401 F.3d 230, 234 (4th Cir. 2005)).

Defendants face a concrete, particularized, and imminent threat of harm in this case. Should JHP prevail in its suit, Defendants could face over $100,000 in penalties, costs, and fees. *See* 47 U.S.C. §§ 553, 605; 17 U.S.C. §§ 504–05. Further, because JHP's enforcement action hinges on the validity of the challenged statutes, a declaration that the statutes are unconstitutional would redress the imminent threat of civil liability. *See J & J Sports Prods., Inc. v. Patin*, 358 F. Supp. 3d 318, 322 (S.D.N.Y. 2019); *J & J Sports Prods., Inc. v. Dean*, No. 10-05088 CW, 2011 WL 4080052, at *4 (N.D. Cal. Sep. 12, 2011).

As JHP notes, Defendants' counterclaim also "seeks resolution of what the Defendants can and cannot be prosecuted for" criminally under the copyright and piracy statutes. (ECF No. 17 at 5.) JHP argues that, because criminal prosecution is "beyond the ken of the Plaintiff," there is no live controversy before this Court. (*Id.*) While there appears to be no evidence that criminal prosecution is likely, Defendants have styled their counterclaim to address *both* "civil liability and/or criminal prosecution" under the challenged statutes. (*See* ECF No. 13 at 7, 10.) Thus, to the extent Defendants seek an order that the statutes are unconstitutional as applied to their conduct in this case, the requirements of standing are satisfied.

### ii. Basis for Subject Matter Jurisdiction

The Declaratory Judgment Act permits federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The act, however, "is remedial only and neither extends federal courts' jurisdiction nor creates any substantive rights." *CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 55 (4th Cir. 2011) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950)). Accordingly, in order to hear a declaratory judgment action, a federal court must possess "an independent basis for jurisdiction over the parties (e.g. federal question or diversity jurisdiction)." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 592 (4th Cir. 2004).

Defendants' counterclaim seeks a declaratory judgment only. (ECF No. 13 at 11.) In support of jurisdiction, Defendants invoke three separate provisions: 28 U.S.C. §§ 1331 (federal questions), 1337 (commercial and antitrust regulations), and 1343 (deprivations of civil

rights). (*Id.* at 4.) JHP argues that, because "Defendants are seeking declaratory and no other form of relief, their reliance upon the provisions of 28 U.S.C. §§ 1331, 1337, and 1343 do not provide jurisdiction." (ECF No. 17 at 4–5.) But this is a mistaken understanding. So long as an independent basis for jurisdiction exists, declaratory judgment actions need not accompany other claims for relief. 28 U.S.C. § 2201 (enabling courts to declare rights and legal relations "whether or not further relief is or could be sought"); *see also* Fed. R. Civ. P. 57 ("The existence of another adequate remedy does not preclude a declaratory judgment.").

This Court finds an independent jurisdictional basis for Defendants' declaratory counterclaim under 28 U.S.C. § 1331. Section 1331 gives district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether federal question jurisdiction exists, courts generally ask whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

On its face, Defendants' counterclaim is rooted exclusively in federal law: they seek a declaration that two federal statutes—47 U.S.C. §§ 553 and 605—violate two constitutional provisions—the First and Fifth Amendments. (ECF No. 13 at 4.) Therefore, this Court has jurisdiction over Defendants' counterclaim for declaratory relief.

**B. Redundancy**

Next, JHP argues that Defendants' counterclaim is "redundant in light of the claims raised in [JHP's] complaint." (ECF No. 17 at 6). Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may, in its discretion, strike "any redundant . . . matter" from a pleading. Fed. R. Civ. P. 12(f). Some courts have exercised this power to dismiss declaratory

8

counterclaims that are "mirror images" of plaintiffs' initial claims. *See, e.g.*, *Atlantic Recording Corp. v. Serrano*, No. 07-CV-1824 W(JMA), 2007 WL 4612921, at *4 (S.D. Cal. Dec. 28, 2007) ("Courts often dismiss 'mirror image' counterclaims where they merely restate issues already before the court as part of a plaintiff's affirmative case."); *Monster Daddy LLC v. Monster Cable Prods.*, No. 6:10-1170-HMH, 2010 WL 4853661, at *6 (D.S.C. Nov. 23, 2010) (dismissing three declaratory counterclaims which raised the "same legal issues" present in the initial complaint). However, it is equally within a court's power to decline to dismiss counterclaims that raise distinct claims. *See, e.g.*, *Madison Mech., Inc. v. Twin City Ins. Co.*, No. GLR-17-1357, 2018 WL 1583519, at *5 (D. Md. Mar. 30, 2018) (declining to dismiss counterclaims requesting declarations that plaintiff "does not seek"); *Biltmore Co. v. NU U, Inc.*, No. 1:15-cv-00288-MR, 2016 WL 7494474, at *3 (W.D.N.C. Dec. 30, 2016) (declining to dismiss a declaratory counterclaim that was "not entirely duplicative or redundant" of plaintiff's claim).

JHP argues that "a determination of the allegations and claims" in its complaint "will answer all of the Defendants' questions" raised in the counterclaim. (ECF No. 17 at 6). However, Defendants' assertions that 47 U.S.C. §§ 553 and 605 are unconstitutionally vague or overbroad are inherently different than those raised by JHP, which simply allege an illegal course of behavior under statutes which are assumed to be valid. (*Compare* ECF No. 12 ¶¶ 10–26, *with* ECF No. 13 at 5–10.) For example, JHP posits that resolution of the claims in its complaint will answer "whether [Defendants] 'willfully violated' the piracy statutes. (ECF No. 17 at 6.) That may well be true. However, Defendants' counterclaim requests an answer to a different question entirely: whether terms like "willfully" render the statutes at hand unconstitutionally vague or overbroad. (*See* ECF No. 13 at 7, 10). Thus, this Court concludes

9

that Defendants' counterclaim is neither redundant nor duplicative of JHP's complaint and will not set it aside on those grounds.

### C. Failure to State a Claim

Lastly, JHP asks this Court to dismiss Defendants' counterclaim for failure to state a claim upon which relief can be granted. Though JHP does little to develop this attack in its briefing, it submits, as supplemental authority, a recent case from the Southern District of New York in which the court dismissed "a counterclaim identical to the one brought in this case" for failure to state a claim. (ECF No. 19 (calling the Court's attention to *Patin*, 358 F. Supp. 3d at 318).) Defendants respond with a case of their own—also "[b]ased on a nearly-identical counterclaim and motion to dismiss as those on file herein"—in which the Northern District of California concluded defendants *had* stated a claim. (ECF No. 18 at 2–3 (alerting this Court to *Dean*, 2011 WL 4080052).) Having considered these cases and thoroughly examined Defendants' counterclaim, this Court agrees with JHP that Defendants have failed to state a claim upon which relief can be granted.

A statute is unconstitutionally vague if people of "common intelligence must necessarily guess at is meaning and differ as to its application." *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926); *United States v. Morison*, 844 F.2d 1057, 1070 (4th Cir. 1988). While it is "a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined," *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972), "the fact that Congress might . . . have chosen clearer and more precise language" does not make a statute unconstitutionally vague, *United States v. Powell*, 423 U.S. 87, 94 (1975) (internal alterations and quotation marks omitted). The clarity required for economic regulations is "less strict" than

for criminal codes because businesses are expected to "plan behavior carefully," be attentive to relevant laws, and seek clarification through their own initiative or the administrative process. *See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982). Moreover, the Supreme Court has "expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." *Id.* at 498–99. The hurdle for finding a civil statute vague is, therefore, quite high: "the statute must be so vague and indefinite as really to be no rule or standard at all." *Boutilier v. INS*, 387 U.S. 118, 123 (1967).

"A clear and precise enactment may nevertheless be 'overbroad' if in its reach it prohibits constitutionally protected conduct." *Grayned*, 408 U.S. at 114. Although vagueness and overbreadth are "related constitutional concepts, they are separate and distinct doctrines, subject in application to different standards and intended to achieve different purposes." *Morison*, 884 F.2d at 1070. Vagueness is rooted in principles of fair notice and due process, whereas a statute is overbroad if it "infringes on expression to a degree greater than justified" by legitimate governmental need. *Id.* Notably, the overbreadth doctrine is "to be applied 'with hesitation and then only as a last resort.'" *Id.* at 1075 (quoting *New York v. Ferber*, 458 U.S. 747, 769 (1982)).

Defendants ask this Court to declare that 47 U.S.C. §§ 553 and 605 are unconstitutionally vague and overbroad. (ECF No. 13 at 6.) However, Defendants do little more to support this claim than recite—repeatedly and in conclusory fashion—that the statutes "violate the fundamentals of due process," are "vague and ambiguous," and infringe upon "Freedom of Speech under the First Amendment." (*Id.* at 6–7.) In the counterclaim

11

itself, the only "further clarification[s] of [Defendants'] request" that are offered are (a) reproductions of portions of the challenged statutes with certain terms highlighted in bold typeface[2] and (b) a series of rhetorical questions, which, taken together, seem to say "the thing speaks for itself." (*Id.* at 7–10). However, to survive a motion to dismiss for failure to state a claim, a complaint must "contain more than 'labels and conclusions'; it must allege 'enough facts to state a claim to relief that is plausible on its face.'" *See Painter's Mill*, 716 F.3d at 352 (quoting *Twombly,* 550 U.S. at 555, 570). Defendants' counterclaim, which lacks any factual enhancement, any discussion of why the statutes are difficult to comprehend, or any specific statement as to *how*, exactly, §§ 553 and 605 are vague or overbroad, fails this test. (*See id.*)

In their Brief in Opposition, Defendants produce a list of cases which, they claim, proves that "plaintiffs, defendants, District Courts, and even Circuit Courts consistently guess at the statutes' meanings." (ECF No. 18 at 6.) What Defendants have described is not vagueness of an unconstitutional magnitude, but, rather, the ordinary process of clarifying ambiguity through judicial construction. *See Morison*, 844 F.2d at 1071 ("[V]agueness may be corrected by judicial construction which narrows the sweep of the statute within the range of reasonable certainty."). That process, familiar to this Court, can involve a substantial amount of disagreement about the meaning and scope of statutory provisions. Still, "statutes are not

---

[2] The allegedly vague or overbroad portions of §§ 553 and 605 highlighted by Defendants are:

In § 553: "unauthorized interception or receipt"; "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system"; and "committed willfully and for purposes of commercial advantage or private financial gain."

In § 605: "no person receiving, assisting in receiving"; and "to any person other than the addressee, . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence." (*See* ECF No. 13 at 8–9.)

12

automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language." *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963) (citations omitted).

In short, we agree that Defendants have failed to particularize, in any respect, their claims that 47 U.S.C. §§ 553 and 605 are unconstitutionally vague and overbroad. Accordingly, JHP's motion to dismiss Defendants' counterclaim will be granted.

## IV. CONCLUSION

Defendants have satisfied the requirements for jurisdiction and persuaded this Court that their counterclaim, if properly supported, would raise distinct issues from those addressed in JHP's complaint. However, based on the above, this Court concludes that Defendants' counterclaim fails to adequately state a claim upon which relief can be granted.

For the reasons stated herein, the Court enters the following:

### ORDER

IT IS THEREFORE ORDERED that JHP's Motion to Dismiss, (ECF No. 15), is GRANTED and Defendants' counterclaim is hereby DISMISSED.

This, the 6th day of September 2019.

/s/ Loretta C. Biggs
United States District Judge